**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NOAH DEMETRIUS REED,**

                              **Petitioner,**

        v.                                                          **CASE NO. 22-3029-SAC**

**STATE OF KANSAS,**

                              **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 2), which is granted, and a motion to appoint counsel (Doc. 3), which is denied. The Court also has conducted an initial review of the petition and will direct Petitioner to show cause why this matter should not be dismissed without prejudice to refiling after he has exhausted available state-court remedies.

**Background**

In 2017, a jury in Sedgwick County, Kansas, convicted Petitioner of attempted second-degree murder, aggravated kidnapping, and criminal threat. *State v. Reed*, 2018 WL 4839660, at *1 (Kan. Ct. App. 2018), *rev. denied* Sept. 27, 2019; see also Online Record of Kansas Appellate Courts, appeal number 117,718. Petitioner was sentenced to 685 months in prison. (Doc. 5-1, p. 2.) He pursued a direct appeal, arguing that the district court erred by not dismissing one of the jurors at his trial and that the prosecutor misstated evidence during closing argument. *Reed*, 2018

WL 4839660, at *1. The Kansas Court of Appeals (KCOA) affirmed his convictions and the Kansas Supreme Court denied his subsequent petition for review on September 27, 2019.

On May 28, 2020, Petitioner filed in Sedgwick County District Court a motion for post-conviction relief under K.S.A. 60-1507. (Doc 5-1, p. 3-4.) Petitioner informs the Court that in that motion, he argued "ineffective assistance of counsel[], false evidence, prosecutor misconduct from perjured testimony presented & speedy trial violations, wrong charges due to witness perjury, motions to dismiss counsel denied, challenging jurisdiction notice & indigenous proclamation." *Id.* at 4. The district court denied the motion on September 3, 2020. *Id.; see also* Online Record of Kansas Appellate Courts, appeal number 124,279. Petitioner filed a timely notice of appeal and, on September 3, 2021, the KCOA granted his motion to docket his appeal out of time. *Id.* At the time of this Order, online records reflect that the KCOA case is stayed pending resolution of an issue with the record. *Id.*

On February 11, 2022, Petitioner filed the petition for writ of habeas corpus that is currently before this Court. (Doc. 1.) He refiled his petition on court-approved forms, as required, on February 23, 2022. (Doc. 5.) He names the State of Kansas as Respondent[1] and he raises four grounds for relief. (Doc. 5-1, p. 2, 6-7, 9-10.) As Ground One, Petitioner asserts ineffective

---

[1] The proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner, not the district court that imposed the sentence or sentences at issue. See *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Tommy Williams, the current warden of El Dorado Correctional Facility where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

assistance of counsel, at trial and on appeal. *Id.* at 6. Ground Two asserts a due process violation, but the facts Petitioner alleges in support mostly relate again to failures of trial and/or appellate counsel, other than the assertion that the criminal threat charge was unconstitutional. *Id.* at 7. Ground Three alleges a violation of statutory speedy trial rights. *Id.* at 9. Ground Four appears to assert another claim of ineffective assistance of trial counsel, this time based on trial counsel's failure to call an alibi witness and failure to investigate and present certain phone records. *Id.* at 10. As relief, Petitioner asks this Court to vacate his convictions and either order a retrial or order his release from prison and the dismissal of the charges against him. *Id.* at 15.

**Rule 4 review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to undertake a preliminary review of the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." *See* Rule 4. The Court has conducted the required review and identified the following reasons this matter is subject to summary dismissal.

### Exhaustion

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to

protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [a petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very same issues raised in the federal petition to the Kansas Court of Appeals and that court must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

Grounds One, most of Ground Two, and Ground Four appear to rest on assertions of ineffective assistance of counsel. As noted above, Petitioner currently has a case pending in the KCOA that addresses claims of ineffective assistance of counsel.[2] Thus, the Kansas state appellate courts have not yet had their opportunity to act on these claims in the first instance, and claims of ineffective assistance of counsel remain unexhausted at this time. Ground Two

---

[2] It is not clear whether Petitioner's 60-1507 proceedings raise all of the ineffective assistance of counsel arguments Petitioner articulates in the current federal petition. Petitioner is advised, however, that only the arguments he makes to the state court will be considered exhausted for federal purposes. The Tenth Circuit has held that when a petitioner raises a claim of ineffective assistance of counsel in the state court but "based it on different reasons than those expressed in his [federal] habeas petition," the bases which were not alleged in the state court have not been exhausted for purposes of federal habeas relief. *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999). Thus, in order to exhaust his ineffective assistance of counsel claims for purposes of federal habeas relief, Petitioner must make the same argument of ineffective assistance of counsel to the state court.

also contains a claim that Petitioner's criminal threat charge was unconstitutional, and Ground Three asserts that Petitioner's speedy trial rights were violated. Petitioner asserts that he raised these claims in his 60-1507 proceedings as well. Thus, they also remain unexhausted.[3]

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted).

Petitioner is therefore directed to show cause, in writing, on or before April 11, 2022, why this matter should not be dismissed without prejudice so that Petitioner may exhaust available state-court remedies. Petitioner would be able to refile a petition for federal habeas corpus relief after conclusion of the state proceedings.[4] The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**Motion to Appoint Counsel (Doc. 3)**

Also before the Court is Petitioner's motion to appoint counsel. (Doc. 3.) Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court

---

[3] Petitioner's claim that his speedy trial rights as guaranteed by the related Kansas statute were violated would also be subject to dismissal for failure to state a claim on which federal habeas relief may be granted. As the Tenth Circuit instructs, "claims of state law violations are not cognizable in a federal habeas action." *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).
[4] The Court cautions Petitioner to remain aware of the time limitations of filing a federal habeas petition, as set forth in 28 U.S.C. § 2244(d).

may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

At this stage in the proceedings[5], the Court concludes that it is not in the interest of justice to appoint counsel. It appears that the action is subject to dismissal without prejudice so that Petitioner may conclude the related state-court proceedings. Petitioner has ably articulated his habeas claims, which do not appear to need additional investigation at this time, and which are not of unusual complexity. Accordingly, the motion is denied without prejudice.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including April 11, 2022, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this matter should not be dismissed without prejudice so that Petitioner may exhaust his claims in state court. The clerk is also directed to substitute Tommy Williams, Warden of El Dorado Correctional

---

[5] If this action develops in a way that requires counsel to be appointed, the Court may do so at a later date.

Facility, as Respondent in this action.

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed in forma pauperis (Doc. 2) is **granted** and his motion to appoint counsel (Doc. 3) is **denied without prejudice**.

**IT IS SO ORDERED.**

DATED:  This 9th day of March, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge