**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NOAH DEMETRIUS REED,**

                **Petitioner,**

      **v.**                                           **CASE NO. 22-3029-SAC**

**TOMMY WILLIAMS,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, who proceeds pro se, challenges his 2017 convictions in the district court of Sedgwick County, Kansas for attempted second-degree murder, aggravated kidnapping, and criminal threat. *See State v. Reed*, 2018 WL 4839660 (Kan. Ct. App. 2018), *rev. denied* Sept. 27, 2019. He asserts that he received ineffective assistance of counsel at trial and on direct appeal and that his statutory speedy trial rights were violated and he asks this Court to vacate his convictions and either order a retrial or his release from prison. (Doc. 5-1.)

The Court conducted the preliminary review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that the petition appeared subject to summary dismissal because Petitioner has not exhausted all available state-court remedies.

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544

(10th Cir. 1994). Except in specific circumstances, a state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted).

Thus, on March 9, 2022, the Court issued a Notice and Order to Show Cause (NOSC). (Doc. 7.) The Court noted that there appears to an appeal pending in the Kansas Court of Appeals[1] that involves the issues raised in his current § 2254 petition. Because the Kansas Court of Appeals has not yet ruled on the issues, they are not exhausted. The NOSC directed Petitioner to show cause on or before April 11, 2022 why this matter should not be dismissed without prejudice so that he may exhaust available state-court remedies.

Petitioner has filed no response. Thus, the Court has no reason to alter its initial conclusion that the claims presented in the matter now before the Court are unexhausted and that the Court should therefore dismiss this matter without prejudice.

**Certificate of Appealability**

Because the Court has entered a final order adverse to Petitioner, Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's

---

[1] *Reed v. State*, Case No. 124,279.

> underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to exhaust state-court remedies.

**IT IS SO ORDERED.**

DATED:  This 18th day of April, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge